**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| HEALTH IN MOTION LLC, d/b/a SUNSET SWINGS, a California Limited Liability Company, and DREAM VISIONS LLC, a California Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>EURO SHINE U.S.A., INC., a Florida Corporation,<br><br>Defendant. | Case No. 8:19-cv-1662<br><br>**DEMAND FOR JURY TRIAL**<br>**INJUNCTIVE RELIEF SOUGHT** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Health In Motion LLC, d/b/a Sunset Swings ("Health In Motion"), and Dream Visions LLC ("Dream Visions") (collectively "Plaintiffs") file this Complaint for patent infringement against Defendant Euro Shine U.S.A., Inc. ("Euroshine" or "Defendant"), and allege as follows:

**NATURE OF THE ACTION**

1.　This is an action for infringement of United States Patent No. 6,949,027 titled "Garden Swing" ("the Asserted Patent" or "the '027 patent") under the United States Patent Laws, 35 U.S.C. § 1 *et seq*. Plaintiffs are industry-leading designers and providers of innovative and high-quality garden swings. Plaintiff's patented pendulum swings ensure secure and smooth movement without significant lateral motion. Dream Visions owns the Asserted Patent and Health In Motion is the exclusive licensee.

2. Euroshine's infringing conduct is not unintentional, it intentionally copied Plaintiffs' patented innovative technology reproducing images of Health In Motion's patented swings on Euroshine's website to market and sell its infringing product. Plaintiffs seek damages for Euroshine's patent infringement and permanent injunction to enjoin Euroshine's continuing willful infringement.

## PARTIES

3. Health In Motion LLC is a California limited liability company and has a principal place of business at 255 Airport Circle, Suite 101, Corona, California 92880. Health In Motion is the exclusive licensee of the Asserted Patent.

4. Dream Visions LLC is a California limited liability company and has a principal place of business at 1141 Lucinda Way, Tustin, California 92780. Dream Visions is the owner of the Asserted Patent.

5. According to the records of the Florida's Secretary of State, Euroshine is a corporation formed under the laws of Florida with a principal place of business at 13359 Chambord Street, Brooksville, Florida 34613.

## JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Euroshine because, upon information and belief, Euroshine operates a place of business in the state of Florida located at 13359 Chambord Street, Brooksville, Florida 34613, through which it manufactures, markets and/or sells its infringing products.

8. This Court has personal jurisdiction over Euroshine because, upon information and belief, Euroshine markets and sells its infringing products alleged herein to customers in the state of Florida.

9. Venue is proper in this District under 28 U.S.C. § 1400(b) because Euroshine resides in this District, has a principal place of business in this District, has committed acts of infringement in this District, and has a regular and established place of business in this District.

## FACTS

### The Asserted Patent

10. The Asserted Patent is titled "Garden Swing." The U.S. Patent Office lawfully issued the Asserted Patent on September 27, 2005. Dream Visions owns the Asserted Patent. Health In Motion is exclusive licensee of the Asserted Patent with rights to bring actions and recover damages for infringement thereof. A true and correct copy of the Asserted Patent is attached as **Exhibit A**.

### Euroshine's Infringement of the Asserted Patent

11. Euroshine copied Plaintiffs patented swing and infringes Plaintiffs' Asserted Patent, all of which damages Plaintiffs.

12. At least as early as January 2019, Euroshine was promoting its infringing EuroSwing product on its website using images of Health In Motion's swing copied from Health In Motion's website. In addition, Euroshine's current product brochure and website use text copied from Health In Motion's website to describe the infringing EuroSwing product.

13. Euroshine has constructive notice of the Asserted Patent at least as early as January 2019, because Health In Motion marks its commercial products with the patent number of the Asserted Patent.

14. Euroshine's infringement is deliberate, willful and knowing, with conscious disregard for Plaintiffs' patent rights, entitling Plaintiffs to enhanced damages. Defendant's intentional copying and willful infringement renders this case exceptional.

15. Euroshine's infringement is causing irreparable harm and monetary damages to Plaintiffs, entitling Plaintiffs to injunctive relief and monetary damages.

## COUNT I: DIRECT INFRINGEMENT OF THE ASSERTED PATENT

16. Plaintiffs incorporate by reference the allegations contained in the foregoing paragraphs as though fully stated herein.

17. Euroshine directly infringes one or more claims of the Asserted Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the EuroSwing in the United States without permission or license from Plaintiffs.

18. Below is an illustrative claim chart identifying each limitation of claims 1, 5, and 15 of the Asserted Patent that are infringed by the Euroshine EuroSwing, each limitation reading upon a corresponding structural element of the accused EuroSwing product:



| US 6,949,027 - Claim Limitations | EuroSwing Product |
|---|---|
| (Claim 1) A swing comprising: | The EuroSwing Product has a swing, as shown by arrow **A** in the photograph. |
| a fixed support structure; | The EuroSwing Product has a fixed support structure, as shown by line **B** in the photograph. |
| a seat support frame pivotally suspended from the support structure; | The EuroSwing Product has a seat support frame pivotally suspended from the support structure, as shown by line **C** in the photograph. |
| at least one seat attached to the seat support frame, the seat having a seating portion and a backrest portion; | The EuroSwing Product has at least one seat attached to the seat support frame, the seat having a seating portion and a backrest portion, as shown by line **D** in the photograph. |
| a leg rest slideably coupled to the seat support frame so as to be moveable between a stowed position beneath the seating portion of the seat and an extended position forward of the seating portion of the seat. | The EuroSwing Product has a leg rest slideably coupled to the seat support frame so as to be moveable between a stowed position beneath the seating portion of the seat and an extended position forward of the seating portion of the seat, as shown by line **E** in the photograph. |
|  |  |
| (Claim 5) A swing comprising: | The EuroSwing Product has a swing, as shown by arrow **A** in the photograph. |
| a fixed support structure; | The EuroSwing Product has a fixed support structure, as shown by line **B** in the photograph. |
| a seat support frame pivotally suspended from the support structure; | The EuroSwing Product has a seat support frame pivotally suspended from the support structure, as shown by line **C** in the photograph. |
| at least one seat attached to the seat support frame, the seat having a seating portion and a backrest portion; | The EuroSwing Product has at least one seat attached to the seat support frame, the seat having a seating portion and a backrest portion, as shown by line **D** in the photograph. |
| a leg rest coupled to the seat support frame so as to be moveable between a stowed position beneath the seating portion of the seat and an extended position forward of the seating portion of the seat; | The EuroSwing Product has a leg rest coupled to the seat support frame so as to be moveable between a stowed position beneath the seating portion of the seat and an extended position |

| | |
|---|---|
| | forward of the seating portion of the seat, as shown by line **E** in the photograph. |
| wherein the seat support frame is a first seat support frame and further comprising a second seat support frame laterally adjacent to the first seat support frame and independently pivotally suspended from the support structure. | The EuroSwing Product has wherein the seat support frame is a first seat support frame and further comprising a second seat support frame laterally adjacent to the first seat support frame and independently pivotally suspended from the support structure, as shown by line **C** in the photograph. |
| | |
| (Claim 15) A swing comprising: | The EuroSwing Product has a swing, as shown by arrow **A** in the photograph. |
| a fixed support structure; | The EuroSwing Product has a fixed support structure, as shown by line **B** in the photograph. |
| a seat support frame pivotally suspended from the support structure; | The EuroSwing Product has a seat support frame pivotally suspended from the support structure, as shown by line **C** in the photograph. |
| at least one seat attached to the seat support frame, the seat having a seating portion and a backrest portion, wherein the backrest portion is pivotally coupled to one of the seating portion and the seat support frame; | The EuroSwing Product has at least one seat attached to the seat support frame, the seat having a seating portion and a backrest portion, wherein the backrest portion is pivotally coupled to one of the seating portion and the seat support frame, as shown by line **D** in the photograph. |
| means for biasing the backrest portion toward an upright position;[1] | The EuroSwing Product has a means for biasing the backrest portion toward an upright position (e.g., a spring), as shown by line **F** in the photograph. |
| a support member pivotally coupled to the backrest portion. | The EuroSwing Product has a support member pivotally coupled to the backrest portion, as shown by line **G** in the photograph. |

---

[1] To the extent this claim limitation invokes 35 U.S.C. § 112/¶ 6, a representative corresponding structure described in the specification may include a spring and equivalents thereof. The EuroSwing Product uses a spring.

19. Upon information and belief, Euroshine makes and continues to make unlawful gains and profits from its infringement of the Asserted Patent.

20. As alleged infra, Euroshine continues its infringement despite having actual and constructive knowledge of the Asserted Patent and Plaintiffs' claims of infringement.

21. Euroshine's infringement is causing and will continue to cause irreparable harm to Plaintiffs, for which there is no adequate remedy at law, unless Euroshine's patent infringement is permanently enjoined by this Court.

22. Euroshine's infringement is causing monetary damages to Plaintiffs in an amount to be determined at trial.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs respectfully request a trial by jury of any issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that:

A. Euroshine be adjudged by this Court to have directly infringed one or more claims of the Asserted Patent under 35 U.S.C. § 271;

B. Euroshine be adjudged by this Court to have willfully infringed one or more claims of the Asserted Patent from the time Euroshine became aware of the infringing nature of its conduct, and that Plaintiffs be awarded treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

C. The Court find the Asserted Patent valid and enforceable;

D. Euroshine be ordered by this Court to account for and pay Plaintiffs damages adequate to compensate Plaintiffs for the infringement of one or more claims of the Asserted Patent, pursuant to 35 U.S.C. § 284;

E. This Court enter a permanent injunction pursuant to 35 U.S.C. § 283 preventing continuing infringement of one or more claims of the Asserted Patent;

F. This case be deemed exceptional and Plaintiffs be awarded interest, costs, expenses, and reasonable attorney's fees for this suit as provided by 35 U.S.C. § 285; and

G. Plaintiffs be awarded such other and further relief as this Court may deem just and proper.

Date: July 10, 2019

Respectfully submitted,

*/s/Herbert W. Larson*

Herbert W. Larson, Esq.
FL Bar No. 969930
**LARSON & LARSON**
11199 69th Street North
Largo, FL 33773
Tele: 727-546-0660
bill@larsonpatentlaw.com

and

Brenton R. Babcock (Pro hac vice Motion forthcoming)
**WOMBLE BOND DICKINSON (US) LLP**
400 Spectrum Center Drive, Suite 1700
Irvine, CA 92618
Telephone: (714) 557-3800
brent.babcock@wbd-us.com

*Attorneys for Plaintiffs*