**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

HEALTH IN MOTION, LLC, d/b/a SUNSET SWINGS, a California Limited Liability Company, and DREAM VISIONS, LLC, a California Limited Liability Company,

        Plaintiffs,

v.

EURO SHINE U.S.A., INC., a Florida Corporation,

        Defendant.

Case No. 8:19-cv-01662-VMC-JSS

## DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant, through its counsel, respond to Plaintiffs' Complaint (Dkt. #1) as follows:

## NATURE OF THE ACTION

1. Defendant admits the Complaint purports to state an action for patent infringement; but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1.

2. Defendant denies any infringement occurred. Defendant further denies any liability to Plaintiff.

## PARTIES

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

1

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

5. Admit that Euro Shine U.S.A., Inc., is a Florida corporation.

## JURISDICTION AND VENUE

6. Defendant admits that the Court has subject matter jurisdiction; Defendant denies the Complaint states a claim under the Patent Act.

7. Defendant admits the Court has personal jurisdiction over Defendant; Defendant denies the remaining allegations of Paragraph 7.

8. Defendant admits the Court has personal jurisdiction over Defendant; Defendant denies the remaining allegations of Paragraph 8.

9. Defendant admits venue is proper in this District; Defendant denies the remaining allegations of Paragraph 9.

## FACTS

*The Asserted Patent*

10. Defendant admits that Exhibit A to the Complaint purports to be a copy of United States Patent No. 6,949,027 ("the '027 patent") entitled "Garden Swing." The Patent attached as Exhibit A speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10.

11. Deny.

12. Deny.

13. Deny.

14. Deny.

15. Deny.

## COUNT I
*Direct Infringement of the Asserted Patent*

16. Defendant incorporates its answers to Paragraphs 1-15 as though fully set forth herein.

17. Deny.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies same.

19. Deny.

20. Deny.

21. Deny.

22. Deny.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense:**

To the extent non-infringement is considered as an affirmative defense, Defendant affirmatively asserts it has not infringed and does not infringe.

**Second Affirmative Defense:**

Plaintiffs' claims for relief are barred in whole or in part by the principle of patent exhaustion.

**Third Affirmative Defense:**

Defendant cannot willfully infringe because certain goods invoke the doctrine of patent exhaustion or license.

**Fourth Affirmative Defense:**

Defendant enjoys a license to sell certain of the accused products.

**Fifth Affirmative Defense:**

Depending on the Court's claim construction, the asserted claim(s) may be obvious and/or anticipated by prior art.

**Sixth Affirmative Defense:**

The claims of the patent are invalid as indefinite.

**Seventh Affirmative Defense:**

Plaintiff has failed to conduct an adequate pre-suit investigation and in failing to do so, should be responsible for paying all of Defendant's fees and costs.

**Eighth Affirmative Defense:**

The relief requested exceeds what is permissible under law.

**Ninth Affirmative Defense:**

Plaintiff is not entitled to any fees, costs, or damages.

**Tenth Affirmative Defense:**

Plaintiff has not been injured in any manner as a result of any act of Defendant.

### Demand for Jury Trial

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant respectfully demands a jury trial as to all claims of this litigation.

**WHEREFORE**, Defendant respectfully requests that this Court enter judgment against Plaintiffs, deny all relief requested by Plaintiffs, award Defendant its costs and attorneys' fees, and such other relief as this Court deems just and proper.

Respectfully submitted July 31, 2019.

/s/Brian R. Gilchrist
Brian R. Gilchrist, FL Bar #774065
bgilchrist@allendyer.com
Ryan T. Santurri, FL Bar #15698
rsanturri@allendyer.com
Matthew G. McKinney, FL Bar #385298
mmckinney@allendyer.com
ALLEN, DYER, DOPPELT + GILCHRIST, P.A.
255 South Orange Avenue, Suite 1401
Orlando, FL 32801
Telephone: (407) 841-2330
Facsimile: (407) 841-2343
**Attorneys for Defendant**
**Euro Shine U.S.A., Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2019, I electronically filed the following using the Management/Electronic Case Filing ("CM/ECF") system which will send a Notice of Electronic Filing to the following CM/ECF participants:

| | |
|---|---|
| Brenton R. Babcock | Woodrow Heath Pollack |
| brent.babcock@wbd-us.com | wpollack@shutts.com |
| (*Admitted Pro Hac Vice*) | SHUTS & BOWEN, LLP |
| WOMBLE BOND DICKINSON, LLP | 4301 W. Boy Scout Blvd., Ste. 300 |
| 400 Spectrum Center Drive, Suite 1700 | Tampa, FL 33607-5716 |
| Irvine, CA 92618 | Telephone: (813) 463-4894 |
| Telephone: (714) 557-3800 | Facsimile: (813) 463-8901 |
| Facsimile: (714) 557-3347 | |

/s/Brian R. Gilchrist
Brian R. Gilchrist, Florida Bar No. 774065